IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARYLOUIS DELLAFIORA,

    Plaintiff,

v.                                                                                            CIV 15-0871 KBM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing with Supporting Memorandum (*Doc. 18*), filed February 22, 2016. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *Doc. 12*. Having reviewed the parties' submissions, the relevant law, and the relevant portions of the Administrative Record, the Court will grant the Motion.

**I.    Procedural History**

Plaintiff filed an application with the Social Security Administration for disability insurance benefits under Title II of the Social Security Act on January 29, 2013, with a protective filing date of December 31, 2012. *AR* at 152, 182.[1] Plaintiff alleged disability due to Posttraumatic Stress Disorder ("PTSD") and a compressed disk in her spine. *AR* at 182. Plaintiff stopped working on May 28, 2010, because of her conditions and

---

[1] Documents 15-1 through 15-23 comprise the sealed Administrative Record ("*AR*"). The Court cites the Record's internal pagination, rather than the CM/ECF document number and page.

because her teaching contract ended and she "didn't renew because of an abusive work environment." *AR* at 182. The agency denied Plaintiff's claims initially and upon reconsideration, and Plaintiff requested a hearing. *AR* at 102-105, 107-111, 114-115.

After a *de novo* hearing, Administrative Law Judge Eric Weiss ("the ALJ") issued an unfavorable decision on July 1, 2015. *AR* at 12-22. Plaintiff submitted a Request for Review of the ALJ's Decision to the Appeals Council, which the Council declined on August 4, 2015. *AR* at 1-8. As such, the ALJ's decision became the final decision of the Commissioner. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). This Court has jurisdiction to review the decision pursuant to 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(a).

A claimant seeking disability benefits must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner must use a sequential evaluation process to determine eligibility for benefits. 20 C.F.R. § 404.1520(a)(4); *see Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

At Step One of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant time period. *AR* at 14. At Step Two, she determined that Plaintiff had the severe impairments of "posttraumatic stress disorder (PTSD); right arm lateral epicondylitis; and degenerative disc disease of the lumbar and cervical spine." *AR* at 14. In reaching these findings the ALJ considered Plaintiff's diagnosis of migraine headaches, but concluded that the same did not impair

her ability to work and was therefore a non-severe impairment. *AR* at 14. At Step Three, the ALJ concluded that Plaintiff's impairments, individually and in combination, did not meet or medically equal the regulatory "listings." *AR* at 14-16.

When a plaintiff does not meet a listed impairment, the ALJ must determine her residual functional capacity ("RFC"). *Hendron v. Colvin*, 767 F.3d 951, 953 (10th Cir. 2014). RFC is a multidimensional description of the work-related abilities a plaintiff retains in spite of her medical impairments. 20 C.F.R. § 404.1545(a)(1). The ALJ in this case determined that Plaintiff maintained the RFC to perform a range of medium work as defined in 20 C.F.R. § 404.1567(c).

> Specifically, the claimant can lift and/or carry fifty pounds occasionally and twenty-five pounds frequently. The claimant can stand and/or walk for six hours out of an eight-hour workday with regular breaks. The claimant can sit for six hours out of an eight-hour workday with regular breaks. The claimant is unlimited with respect to pushing and/or pulling, other than as indicated for lifting and/or carrying. She may occasionally stoop, crouch, kneel, and crawl. She is able to understand, remember and carry out simple instructions and make commensurate work related decisions, but not at a production rate pace. She is able to deal with routine changes in the work setting. She is able to maintain concentration, persistence and pace for two hours at a time during the eight-hour workday with normal breaks. She may have occasional interaction with supervisors, co-workers and the public.

*AR* at 16. Employing this RFC at Steps Four and Five, the ALJ determined that Plaintiff is unable to perform her past relevant work. *AR* at 20-21. However, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform; specifically, the ALJ determined that Plaintiff maintains the RFC to work as a janitor, a presser, and a laundry laborer. *AR* at 22. Accordingly, the ALJ determined that Plaintiff was not disabled from her alleged onset date through the date of his decision and denied benefits. *AR* at 22.

**II.     Legal Standard**

This Court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (quoting *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). Substantial evidence is more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. However, evidence is not substantial if it is overwhelmed by other evidence or is actually a mere conclusion. *Slocum v. Sec'y of Health & Human Services*, 9 F.3d 117 (10th Cir. 1993). The Court may not reweigh the evidence, substituting its own discretion for that of the Commissioner. *See Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

**III.    Analysis**

Plaintiff argues that the ALJ erred in formulating her RFC and in evaluating her credibility.

### A) *Mental and non-exertional limitations*

State agency psychologist Paul Cherry, Ph.D. reviewed Plaintiff's case on January 3, 2014, and completed a Mental Residual Functional Capacity ("MRFC") assessment for her. Plaintiff argues that the ALJ omitted certain moderate limitations identified by Dr. Cherry in section one of the MRFC assessment, and Dr. Cherry's over-arching conclusion that Plaintiff only maintains the RFC to perform work in a "low stress

work setting." *Doc. 18* at 9. While the Court affirms as to the moderate limitations identified, it remands this case because the ALJ failed to account for the "low stress work setting" limitation identified by Dr. Cherry when formulating Plaintiff's RFC.

A MRFC assessment is divided into two sections. First, the author is instructed to answer a series of questions to "help determine the individual's ability to perform sustained work activities." *AR* at 83. Under this first section ("Section One"), the author rates the severity of a limitation, if any. *See AR* at 84. "However, the actual mental residual functional capacity assessment is recorded in the narrative discussion(s), which describes how the evidence supports each conclusion." *AR* at 83. Thus, while the questions in Section One are designed to aid a doctor's assessment, it is these narrative discussions ("Section Three") that represent the Plaintiff's MRFC. *See Smith v. Colvin*, 821 F.3d 1264, 1268 n.1 (10th Cir. 2016).

When rating Plaintiff's understanding and memory limitations, Dr. Cherry found in Section One that she was "moderately limited" in her ability to understand and remember detailed instructions. *AR* at 84. Applying this limitation in Section Three, Dr. Cherry opined that Plaintiff "may become anxious if tasked with remembering detailed instructions." *AR* at 84. Moving to Plaintiff's "sustained concentration and persistence limitations," Dr. Cherry found in Section One that she was "moderately limited" in the following abilities:

- to carry out detailed instructions;

- to maintain attention and concentration for extended periods;

- to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances;

- to work in coordination with or in proximity to others without being distracted by them;

- to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

*AR* at 84. Applying these limitations in Section Three, Dr. Cherry opined that Plaintiff "can make simple decisions and complete unskilled/semi-skilled tasks." *AR* at 84. Turning to Plaintiff's "social interaction limitations," Dr. Cherry found that Plaintiff is "moderately limited" in the ability to interact appropriately with the general public and the ability to accept instructions and respond appropriately to criticism from supervisors. *AR* at 84-85. Applying these limitations, Dr. Cherry opined that Plaintiff "may become anxious around the general public, but it is noted that she does drive and shop alone. She may have some anxiety when dealing with criticism." *AR* at 85. Finally, in the "additional explanation" portion of the MRFC assessment Dr. Cherry opined that Plaintiff "maintains the ability to perform simple work in a low stress work setting." *AR* at 85.

The ALJ did not parrot Dr. Cherry's notations of moderate limitations. Instead, the ALJ noted that Dr. Cherry found Plaintiff capable of "performing unskilled, low stress work." *See AR* at 20. The ALJ then purported to address Dr. Cherry's MRFC findings in formulating Plaintiff's RFC. Specifically, the ALJ determined that Plaintiff

> is able to understand, remember and carry out simple instructions and make commensurate work related decisions, but not at a production rate pace. She is able to deal with routine changes in the work setting. She is able to maintain concentration, persistence and pace for two hours at a time during the eight-hour workday with normal breaks. She may have occasional interaction with supervisors, co-workers and the public.

*AR* at 16.

While she does not take issue with all of the ALJ's RFC findings, Plaintiff asserts that the ALJ omitted at least three moderate limitations found by Dr. Cherry: the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; the ability to interact appropriately with the general public; and the ability to accept instructions and respond appropriately to criticism from supervisors. *Doc. 18* at 9. Plaintiff also argues that the ALJ should have included a limitation to low stress work. *Id.* Plaintiff asserts that omission of these limitations is legal error under *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004); SSR 96-8p; *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007); and *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004).

The cases and Social Security Ruling cited by Plaintiff stand for the proposition that an "ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability." *Robinson*, 366 F.3d at 1083 (citation omitted); *see* SSR 96-8p, 1996 WL 374184 ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."); *Hardman*, 362 F.3d at 681. In *Haga*, the Tenth Circuit held that the ALJ committed reversible error by failing to account for four moderate impairments in Section One of a consulting mental health professional's MRFC form. *Haga*, 482 F.3d at 1208. However, since *Haga* the Tenth Circuit has followed a more restrictive approach, holding that omission of Section One findings is immaterial so long as they are adequately addressed in Section Three (the actual MFRC finding) and incorporated by the ALJ into the individual's RFC. *See Carver v. Colvin*, 600 F. App'x 616, 619 (10th Cir.

2015); *Sullivan v. Colvin*, 519 F. App'x 985, 989 (10th Cir. 2013). This much is clear from the Tenth Circuit's recent precedential decision in *Smith v. Colvin*, 821 F.3d 1264 (10th Cir. 2016).

In *Smith*, a consultative psychologist completed a MRFC assessment form, noting that the claimant was "moderately limited" is a number of abilities, including many of those identified by Dr. Cherry, here. *Id.* at 1268. Then, in the narrative portion of the assessment, the psychologist opined that the claimant could engage in work that was limited in complexity and could manage social interactions that were not frequent or prolonged. *Id.* "The ALJ [in *Smith*] arrived at a similar assessment, concluding that Ms. Smith (1) could not engage in face-to-face contact with the public and (2) could engage in only simple, repetitive, and routine tasks." *Id.* at 1269. The Tenth Circuit found this formulation of the plaintiff's RFC to be sufficient, holding that "[t]hrough these findings the administrative law judge incorporated the functional limitations of Ms. Smith's moderate nonexertional impairments." *Id.*

On appeal, the plaintiff in *Smith* questioned whether the ALJ's RFC had incorporated all of the moderate limitations that the psychologist listed in Section One of the MRFC assessment. In response, however, the Tenth Circuit explained: "[t]his is the wrong question." *Id.* at 1269 n.2. According to the court, the psychologist's notations of moderate limitations "served only as an aid to her assessment of the [RFC]." *Id.* The court then compared the ALJ's RFC findings to the psychologist's MRFC narrative, "not her notations of moderate limitations." *Id.* The court also reasoned that although the ALJ had not recited the moderate limitations assessed by the psychologist in the MRFC

assessment, he "incorporated these limitations by stating how the claimant was limited in the ability to perform work-related activities." *Id.*

Plaintiff argues that *Smith* is distinguishable from the present case because it did not address limitations on a plaintiff's ability to keep a schedule, maintain regular attendance, and be punctual. Specifically, Plaintiff argues that *"Smith* does not address whether those limitations are properly encompassed by a limitation to simple work." *Doc. 21* at 5. While this may be true, the guidance provided by the Tenth Circuit in *Smith* leads this Court to conclude that Section Three of Dr. Cherry's MRFC adequately encompassed these Section One moderate limitations, which the ALJ then correctly translated into Plaintiff's RFC.

Just as the psychologist did in *Smith*, Dr. Cherry translated his specific findings regarding "moderate limitations" into his MRFC, which limited Plaintiff to performing simple work in a low stress work setting. *AR* at 85. The ALJ's RFC incorporated this finding by limiting Plaintiff to following simple instructions, making only simple work decisions, but not a production rate pace, with routine changes in the work setting while maintaining concentration, persistence and pace for two hours at a time and with only occasional interaction with supervisors, co-workers and the public. *AR* at 16. While the ALJ did not parrot each of the moderate limitations described by Dr. Cherry in Section One of his MRFC assessment, in the Court's view, her RFC limitations do adequately incorporate these moderate limitations, including those in the performance of activities within a schedule, maintaining regular attendance, being punctual, interacting appropriately with the general public and in accepting instructions from and responding appropriately to criticism from supervisors. *See Smith*, 821 F.3d at 1269; *Chavez v.*

9

*Colvin*, No. 15cv2201, 2016 WL 3212479, at *1 (10th Cir. June 2, 2016) (unpublished) (explaining that while the ALJ did not recite the moderate limitations by the author in Section One of the MRFC assessment, she did adequately incorporate these limitations through her restriction in the RFC to "simple tasks."); *Nelson v. Colvin*, No. 15cv6226, 2016 WL 3865856 (10th Cir. July 12, 2016) (unpublished) (concluding that by limiting the plaintiff to "unskilled work, the ALJ effectively accounted for *all* the limitations noted in Section I" of the MRFC assessment, including the ability to remember and carry out detailed instrcutions, to maintain attention and concentration for extended periods, and to interact appropriately with the public). Based upon the guidance provided by the Tenth Circuit in *Smith* and its progeny, and considering the RFC in light of Dr. Cherry's MRFC assessment, the Court rejects Plaintiff's argument that the ALJ's RFC failed to properly account for the moderate limitations identified by Dr. Cherry in Section One of the MRFC assessment.

This, of course, does not end the inquiry. The ALJ's RFC makes no mention of Dr. Cherry's finding that Plaintiff can perform simple work in a "***low stress*** work setting." *AR* at 85 (emphasis added). Plaintiff asserts that this is error, citing *Campbell v. Bowen*, 822 F.2d 1518, 1524 (10th Cir. 1987) and SSR 85-15. *Doc. 21* at 6. The Court agrees. As it relates to stress, SSR 85-15 emphasizes "the importance of thoroughness in evaluation on an individualized basis." 1985 WL 56857 at *5. Thus, "[a]ny impairment-related limitations caused by an individual's response to demands of work . . . must be reflected in the RFC assessment." *Id.* at *6. Here, the ALJ acknowledged Dr. Cherry's determination that Plaintiff remains capable of performing simple work in a low stress work setting, but failed to account for that limitation when formulating Plaintiff's RFC,

10

without explanation. This unexplained omission requires remand. *See Neil v. Colvin*, No. 12-2334-JWL, 2013 WL 5727391, at *3 (D. Kan. Oct. 22, 2013) (unpublished) (reversing and remanding where the ALJ failed to account for each of the limitations identified by a state agency psychologist, including a limitation to low stress work); *Summers v. Astrue*, No. CIV-10-311-HE, 2011 WL 1085980, at *1 (W.D. Okla. Feb. 22, 2011) (unpublished), report and recommendation adopted, No. CIV-10-0311-HE, 2011 WL 1004628 (W.D. Okla. Mar. 21, 2011) (reversing and remanding because the ALJ failed to include a restriction to work in a low stress atmosphere when formulating the plaintiff's RFC); *Malik v. Colvin*, No. 12-CV-02932-WYD, 2014 WL 1257070, at *2 (D. Colo. Mar. 27, 2014) (unpublished) (reversing and remanding because the ALJ failed to include a doctor's finding that the plaintiff should only perform "low stress" and repetitive jobs); *Dettmer v. Colvin*, No. 14-2602-CM, 2016 WL 183513, at *4 (D. Kan. Jan. 14, 2016) (remanding where the ALJ failed to include a doctor's finding that the plaintiff required a "low-stress, low-pressure job"). Unlike the moderate limitations identified in Section One of Dr. Cherry's MRFC, Dr. Cherry's limitation to a low stress work setting is part of his conclusions in Section Three. As such, the ALJ was not free to ignore this limitation, and erred by omitting it from Plaintiff's RFC without explaining why it was omitted. SSR 96-8p, 1996 WL 374184; *see Mostafavinassab v. Colvin*, No. C15-1280 TSZ, 2016 WL 4547129, at *9 (W.D. Wash. Sept. 1, 2016) ("Because the low-stress restriction described by Drs. Fligstein and Lewis was omitted from the RFC, without explanation, and the vocational expert was not asked how such limitation might affect plaintiff's ability to adjust to other work, the Court cannot determine whether the hypothetical "reasonable ALJ" would have reached the same result as ALJ Morris.").

### B) *Plaintiff's Other Claims of Error*

Plaintiff also argues that the ALJ erred in weighing the evidence from her mental health treatment providers, failed to adequately develop the record, improperly considered her physical limitations, and failed to properly evaluate her credibility. *See Doc. 18* at 10-24. The Court will not address these issues at this time "because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

### IV.   Conclusion

The Court finds that Plaintiff's motion to remand is well-taken and that this matter should be remanded for reevaluation of Plaintiff's RFC in light of Dr. Cherry's MRFC finding that she should be restricted to work in a low stress setting, as set forth above.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand (*Doc. 18*) is **granted**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent